GRIFFIN, Judge,
dissenting.
This case was tried to a jury on Tor-bron’s claim. Torbron testified his damages were the $40,000 he owed Campen plus $20,000 in additional interest he had paid on the first mortgage since the sales on the auctioned property did not close. The jury awarded him $20,000. The court, after hearing the evidence at trial, determined there was no failure of consideration and awarded Campen $40,000 on Campen’s claim on the second mortgage and note. There is evidence in the record that would amply support the trial court’s determination that Campen’s breach was not fatal to his right of recovery. Although Torbron testified that Campen “understood” the first mortgage had to be paid off completely in order to consummate the sale, Cam-pen testified he could not recall any such requirement. The form contract contained the following provision:
It is agreed that the SELLER will execute contract(s), complete the sale and pass title to the property upon AUCTIONEER obtaining an offer of at least:
In the blank space that followed was hand written:
To the highest bidder(s); this is an absolute auction, property sells to highest bidder(s).
The contract also provided the property was to be divided into such size and number parcels as the auctioneer saw fit. As promised, a full-fledged, fully advertised auction was held and all parcels sold at auction. When Mrs. Armstrong failed to close[1] based on the alleged failure of Cam-pen to specifically disclose that the parcels might be subject to the county’s drainage requirements, Torbron refused to close on *171 the eight parcels sold to bidders other than Mrs. Armstrong. He also refused to accept the subsequent offers on the Armstrong parcels procured by Campen. Had he accepted those offers, Torbron still would have netted a profit, albeit a smaller one than if Mrs. Armstrong had closed on her bid. Although the finding that Cam-pen breached the contract is supported by the record, reasonable persons might differ about exactly what Campen’s breach was. Here the trial judge heard all the evidence and rejected the view that Campen’s breach precluded enforcement of the note and mortgage. I would affirm the foreclosure judgment.

. This was not an unforeseen occurrence. The parties to the auction agreement obviously contemplated that one or more of the buyers might refuse to close because the contract contained a provision for allocation of a buyer’s forfeited binder deposit.